IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 MAY 13  PM 4:12

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. CINCINNATI

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) |

Case No.  **1:21-MJ-00416**

**Filed Under Seal**

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d).  The proposed Order would require T-Mobile, a cellular service provider, headquartered in Parsippany, New Jersey, to disclose certain records and other information pertaining to the phone number (513) 834-0604, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      T-Mobile is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.     The United States is investigating a drug trafficking crime and the subsequent conspiracy to obstruct the criminal investigation and prosecution of that crime by attempting to and concealing and/or destroying evidence. The investigation concerns possible violations of, inter alia, Title 21 U.S.C. §§ 841(a)(1) and 846, and Title 18 U.S.C. §§ 2, 4, 371, 922(g), 924(c), and 2232.

5.     The United States, including the FBI, is conducting a criminal investigation of Lamont WILLIAMS regarding the following violations of federal law: possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, U.S.C., §§ 841(a)(1) and 841(b)(1)(A); and possession of a firearm in furtherance of a serious drug offense, in violation of Title 18, U.S.C., § 924(c). Specifically, the FBI Cincinnati field office, Drug Enforcement Administration ("DEA") Dayton field office, Ohio Bureau of Criminal Investigation ("BCI"), Warren County Drug Task Force ("WCDTF"), and Drug Abuse Reduction Task Force ("DART") are investigating a Cincinnati area, poly-drug distribution network in which WILLIAMS has been identified as a member responsible for selling ounce quantities of fentanyl and pound quantities of methamphetamine.

6.      On May 4, 2021, agents executed a federal search warrant at a residence located at 5820 Roe Street, Cincinnati, Ohio 45227. Agents had previously identified 5820 Roe Street as WILLIAMS's residence based on physical and electronic surveillance.

7.      The search of 5820 Roe Street, Cincinnati, Ohio 45227, resulted in the seizure of numerous items of evidentiary value, including the following: a Century Arms, Micro Draco 7.62 x 39 mm, semi-automatic AK47 pistol (Serial Number PMD-03318-16-RO), loaded with one round in the chamber; an attached magazine loaded with twelve rounds; three digital scales with narcotics residue; two blenders with narcotics residue; approximately 827 grams total packaged weight  of a crystal-like substance that field-tested positive for methamphetamine; and several smaller baggies of substances that field tested positive for methamphetamine, cocaine, and/or fentanyl.

8.      Agents arrested WILLIAMS following the search of WILLIAMS's residence. WILLIAMS subsequently placed several recorded phone calls from jail. On May 5, 2021, WILLIAMS placed a phone call to the T-Mobile telephone number (513) 834-0604 and spoke to a woman who, based on the context of the phone calls, agents believe was his mother, Tracy Dillingham. In that call, WILLIAMS instructed his mother to return to his residence and check a green jacket in the closet. WILLIAMS also said that he left something in the basement and yelled "dryer vent" repeatedly to communicate the relevant location. At first WILLIAMS's mother appeared not to understand, but eventually agreed to go over to WILLIAMS's house to retrieve the items.

9.      In a subsequent phone call WILLIAMS placed to the T-Mobile telephone number (513) 834-0604 on May 5, 2021, WILLIAMS repeated the need to get the dryer and green jacket from his house "stat." In this particular phone call, WILLIAMS spoke to an unidentified male.

10.     The next day, on May 6, 2021, WILLIAMS placed two additional calls to the T-Mobile telephone number (513) 834-0604. In those calls, a woman believed to be WILLIAMS's mother, Tracy

Dillingham, told WILLIAMS that they were good on the dryer but could not find the coat. WILLIAMS expressed confusion regarding why the criminal complaint that had been filed against him only mentioned the $10,000 seized from the attic, but not the money from the green jacket. Unbeknownst to WILLIAMS, agents had found and seized the U.S. currency in the green jacket, a fact that had not been included in the criminal complaint.

11.     In response to these recorded jail calls, the FBI arranged to meet with Tracy Dillingham to retrieve the drugs she had removed from WILLIAMS's residence. Tracy Dillingham, through her attorney, went to the FBI field office in Cincinnati, Ohio and provided FBI agents with approximately one ounce of marijuana, which was allegedly what was retrieved from the dryer vent at WILLIAM's request.

<u>REQUEST FOR ORDER</u>

12.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that T-Mobile be directed to produce all items described in Part II of Attachment A to the proposed Order.

13.     The United States further requests that the Order require T-Mobile not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant,

subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached

court order relates to an ongoing criminal investigation that is neither public nor known to all of the

targets of the investigation, and its disclosure may alert the targets to the ongoing investigation,

including the full scope of the investigation. Accordingly, there is reason to believe that notification of

the existence of the attached court order will seriously jeopardize the investigation or unduly delay a

trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or

tamper with evidence, change patterns of behavior, or tamper with or intimidate potential witnesses.

14. The United States further requests that the Court order that this application and any

resulting order be sealed until further order of the Court. As explained above, these documents discuss

an ongoing criminal investigation that is neither public nor known to all of the targets of the

investigation. Accordingly, there is good cause to seal these documents because their premature

disclosure may seriously jeopardize that investigation.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

*Kelly K. Rossi*

KELLY K. ROSSI
Special Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: kelly.rossi @usdoj.gov